Mr. Greg Shapiro Mr. Terry Hopson Mr. Danny Belvedresi c/o Carol Billings, City Attorney 200 W. 8th Ave., Suite 203 Pine Bluff, AR 71601
Dear Mr. Shapiro, Mr. Hopson, and Mr. Belvedresi:
You have each requested an Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of a certain record.
You each indicate that the City of Pine Bluff has received a request for your original job applications. It is my understanding that the custodian of the records has determined that these records should be released with certain information redacted.
I am directed by law to issue an opinion as to whether the custodian's determination concerning the release of these records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination that these records should be released, with redactions, is consistent with the FOIA.
Your original job applications constitute "personnel records," within the meaning of the FOIA. "Personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
I have been provided with copies of your job applications. The following information has been redacted: your social security numbers, your driver's license numbers, your home addresses and telephone numbers, the names, home addresses, and telephone numbers of family members, medical information, and personal financial information. It is my opinion that these redactions are appropriate and are supported by the law. See5 U.S.C. § 552a, note (concerning the privacy of social security numbers);18 U.S.C. §§ 2721 et seq. [Driver's Privacy Protection Act] (requiring protection of the privacy of driver's license numbers); Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998) (home addresses of police officers not releasable because such information could be used to harass them); A.C.A. § 25-19-105(b)(2) (exempting medical information from disclosure); and previous Attorney General opinions concerning the privacy of personal financial information (e.g., Ops. Att'y Gen. Nos.2002-043; 2001-112; 2001-080; 99-016; 96-134; 95-110; 94-234; 93-235; 87-442; 87-042). In my opinion, the release of the remaining unredacted information that is contained in your job applications would not constitute a clearly unwarranted invasion of your personal privacy. I therefore conclude that the custodian's decision to release these records, with the noted redactions, is consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General